AO 106A  (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

Southern District of California

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) | Case No.  '24  MJ0490 |
| One Purple iPhone Cellular Telephone Assigned Seizure No. 2024250100026501-0004 | ) ) ) | |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
See Attachment A, incorporated herein by reference.

located in the _____ Southern _____ District of _____ California _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841 and 846 | Distribution of Controlled Substances and Conspiracy Related Thereto |

The application is based on these facts:
See Affidavit of Special Agent Guillermo Diaz which is hereby incorporated by reference and made part hereof.

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Guillermo Diaz, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ telephone _____ *(specify reliable electronic means).*

Date:  _____ 02/12/2024 _____

_____
*Judge's signature*

City and state:  San Diego, California

Hon. Allison H. Goddard, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT**

I, Special Agent Guillermo Diaz, being duly sworn, hereby state as follows:

**INTRODUCTION**

1.      I am a Special Agent (SA) with Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI).

2.      On or about February 7, 2024, I applied for and obtained a warrant to search the following electronic device:

> One White iPhone Cellular Telephone
> Assigned Seizure No. 2024250100026501-0004
> (the **Target Device**)

and seize evidence of crimes, specifically, violations of Title 21, United States Code, Sections 841 and 846. A copy of the application package in support of the search warrant, which I signed and swore to before U.S. Magistrate Judge Steve B. Chu, is attached hereto as Exhibit A and incorporated by reference.

3.      The original application package relates to the investigation and prosecution of Nayely SERVIN Vega, and others known and unknown, in connection with SERVIN's February 6, 2024, arrest for possession of methamphetamine with intent to distribute, in violation of Title 21, United States Code, Sections 841 and 846. The **Target Device** is currently in the custody of Homeland Security Investigations, c/o the Federal Bureau of Investigation located at 10385 Vista Sorrento Parkway, San Diego, California 92121.

4.      Since submitting the application package, two errors have been identified in the original application package. As such, I am re-submitting an application package, which corrects the errors.

5.      The information contained in this affidavit is based upon my training, experience, investigation, and consultation with other members of law enforcement. Because this affidavit is made for the limited purpose of obtaining a search warrant for the **Target Device**, it does not contain all the information known by me or other agents regarding this investigation.  All dates and times described are approximate.

//

1

### FACTS SUPPORTING PROBABLE CAUSE

6.    As stated above, this application incorporates the original application package, dated February 7, 2024. *See* Ex A. There were two errors in the application package.

7.    First, in the original application package, I stated that, "Law enforcement has not previously attempted to obtain the evidence sought by this warrant." I have since learned that the statement was inaccurate insofar as a different federal agency had searched the **Target Device** more than a week prior. Specifically, on February 7, 2024, the **Target Device** was transferred to the Federal Bureau of Investigation (FBI) to conduct a digital forensic extraction using FBI resources. After the original application package was signed by U.S. Magistrate Judge Steve B. Chu, the FBI commenced a search of the **Target Device** and identified its IMEI as 355348891577813. At that time, databases available to the FBI identified that a device bearing the same IMEI had been searched by FBI subject to a federal search warrant obtained by investigators from a different federal agency and issued by U.S. Magistrate Judge Barbara L. Major on January 26, 2024. *See* No. 24MJ00319. After that search, made pursuant to the warrant, the **Target Device** was returned to SEVERIN until her arrest on February 6, 2024. The FBI has ceased its search pending this present application package.

8.    Second, in the original application package, I identified the **Target Device** as a "white" iPhone. I have since learned that Apple does not have a "white" iPhone 14 Plus model. The following are the Apple iPhone 14 Plus colors, according to Apple's public website:



9.      Upon further inspection, the **Target Device** more closely resembles the telephone that appears fifth from left, which Apple calls "purple" (the telephone color second from left is identified by Apple as "Starlight;" the **Target Device** appears darker than the Starlight color). As such, this application package more precisely describes the **Target Device** as a "Purple iPhone."

10.     Based upon my experience and training, consultation with other law enforcement officers experienced in narcotics trafficking investigations, and all the facts and opinions set forth in the original application package and this affidavit, I believe that telephone numbers, contact names, electronic mail (email) addresses, appointment dates, messages, pictures, and other digital information are stored in the memory of the **Target Device**. In light of the above facts and my experience and training, there is probable cause to believe that SEVERIN was using the **Target Device** to communicate with others to further the distribution of illicit narcotics. Further, in my training and experience, narcotics traffickers may be involved in the planning and coordination of a drug smuggling event in the days and weeks prior to an event. Co-conspirators are also often unaware of a defendant's arrest and will continue to attempt to communicate with a defendant after their arrest to determine the whereabouts of the narcotics. Accordingly, I request permission to search the **Target Device** for data beginning on January 7, 2024, up to and including February 7, 2024 (the day after SEVERIN's arrest).[1]

## METHODOLOGY

11.     It is not possible to determine merely by knowing the cellular telephone's make, model and serial number, the nature and types of services to which the device is

---

[1]      Although there is some overlap in timeframe with the January 26, 2024, warrant package, I am requesting permission to nevertheless search the **Target Device** going back to January 7, 2024, because the search conducted pursuant to the January 26, 2024, warrant package was done with Cellebrite before the **Target Device** was returned to SEVERIN. According to forensic investigators, Axiom is often a better tool to search devices matching the make and model of the **Target Device**. As such, investigators believe that an Axiom search of the **Target Device** at this time likely will result in the identification of evidence not seized by Cellebrite pursuant to the January 26, 2024, warrant package, warranting a request to re-search the **Target Device** for the overlapping timeframe.

subscribed and the nature of the data stored on the device. Cellular devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services and rudimentary word processing. An increasing number of cellular service providers now allow for their subscribers to access their device over the internet and remotely destroy all of the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the network. Unlike typical computers, many cellular telephones do not have hard drives or hard drive equivalents and store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

12.    Following the issuance of the warrant, I will collect the **Target Device** and subject it to analysis. All forensic analysis of the data contained within the telephone and its memory card will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

13.    Based on the foregoing, identifying and extracting data subject to seizure pursuant to the warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days of the date the warrant is signed, absent further application to this court.

//

## PRIOR ATTEMPTS TO OBTAIN THIS EVIDENCE

14.     There have been no known prior attempts to obtain this evidence other than as stated above.

## CONCLUSION

15.     Based on the facts and information set forth above, I submit there is probable cause to believe that a search of the **Target Device** will yield evidence of SEVERIN's and others' violations of Title 21, United States Code, Sections 841 and 846. Accordingly, I request that the Court issue a warrant authorizing law enforcement to search the item described in Attachment A, and seize the items listed in Attachment B using the above-described methodology.

I swear the foregoing is true and correct to the best of my knowledge and belief.

Special Agent Guillermo Diaz
Homeland Security Investigations
Department of Homeland Security

Sworn and attested to under oath by telephone, in accordance with Federal Rule of Criminal Procedure 4.1, this 12th day of February, 2024

Honorable Allison H. Goddard
United States Magistrate Judge

5

## **ATTACHMENT A**
PROPERTY TO BE SEARCHED

The following property is to be searched:

>One Purple iPhone Cellular Telephone
>Assigned Seizure No. 2024250100026501-0004
>(the **Target Device**)

The **Target Device** is currently in the possession of Homeland Security Investigations, c/o the Federal Bureau of Investigation located at 10385 Vista Sorrento Parkway, San Diego, California 92121.

## ATTACHMENT B
ITEMS TO BE SEIZED

Authorization to search the cellular/mobile telephone described in Attachment A includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular/mobile telephone for evidence described below.  The seizure and search of the cellular/mobile telephone shall follow the search methodology described in the affidavit submitted in support of the warrant.

The evidence to be seized from the cellular/mobile telephone will be electronic records, communications, and data such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data, for the period of January 7, 2024, up to and including February 7, 2024:

a.   tending to indicate efforts to distribute or possess with the intent to distribute federally controlled substances;

b.   tending to identify accounts, facilities, storage devices, and/or services – such as email addresses, IP addresses, and phone numbers – used to facilitate the distribution or possession with the intent to distribute federally controlled substances;

c.   tending to identify co-conspirators, criminal associates, or others involved in the distribution or possession with the intent to distribute federally controlled substances;

d.   tending to identify travel to or presence at locations involved in the distribution or possession with the intent to distribute federally controlled substances, such as stash houses, load houses, or delivery points;

e.   tending to identify the user(s) of, or person(s) with control over or access to, the **Target Device**; and/or

f.   tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above.

which are evidence of violations of Title 21, United States Code, Sections 841 and 846.

# EXHIBIT A

AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

Southern District of California

In the Matter of the Search of      )
*(Briefly describe the property to be searched*      )
*or identify the person by name and address)*      )     Case No.
     )
White iPhone      )
Seizure No. 2024250100026501-0004      )
("Target Device")      )

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A, incorporated herein by reference.

located in the _____ Southern _____ District of _____ California _____ , there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B, incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC Sec. 841 | Possession with Intent to Distribute |
| 21 USC Sec. 846 | Conspiracy to Import |

The application is based on these facts:

See Attached Affidavit, incorporated herein by reference.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Guillermo Diaz, HSI Special Agent
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ telephone _____ *(specify reliable electronic means).*

Date: _____ February 7, 2024 _____

_____
*Judge's signature*

City and state: _ San Diego, California _

Hon. Steve B. Chu, United States Magistrate Judge
_____
*Printed name and title*

## ATTACHMENT A

PROPERTY TO BE SEARCHED

The following property is to be searched:

> White iPhone
> Seizure No. 2024250100026501-0004
> (**"Target Device"**)

The **Target Device** is currently in the possession of Homeland Security Investigations, located at 2055 Sanyo Avenue, Suite 120, San Diego, California 92154.

**ATTACHMENT B**
ITEMS TO BE SEIZED

Authorization to search the cellular telephone described in Attachment A includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular telephone for evidence described below.  The seizure and search of the cellular telephone shall follow the search methodology described in the affidavit submitted in support of the warrant.

The evidence to be seized from the cellular telephone will be electronic records, communications, and data such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data, for the period of January 7, 2024, up to and including February 6, 2024:

a.   tending to indicate efforts to import controlled substances from Mexico into the United States;

b.   tending to identify accounts, facilities, storage devices, and/or services–such as email addresses, IP addresses, and phone numbers–used to facilitate the importation of controlled substances from Mexico into the United States;

c.   tending to identify co-conspirators, criminal associates, or others involved in importation of methamphetamine, or some other federally controlled substance, from Mexico into the United States;

d.   tending to identify travel to or presence at locations involved in the importation of controlled substances from Mexico into the United States, such as stash houses, load houses, or delivery points;

e.   tending to identify the user of, or persons with control over or access to, the **Target Device**; and/or

f.   tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above;

which are evidence of violations of Title 21, United States Code, Sections 841 and 846.

**AFFIDAVIT**

I, Special Agent Guillermo Diaz, being duly sworn, hereby state as follows:

**INTRODUCTION**

1.     I submit this affidavit in support of an application for a warrant to search the following electronic device:

> White iPhone
>
> Seizure No. 2024250100026501-0004
>
> ("**Target Device**")

as further described in Attachment A, and to seize evidence of crimes, specifically violations of Title 21, United States Code, Sections 841 and 846 as further described in Attachment B.  The requested warrant relates to the investigation and prosecution of Nayely SERVIN Vega ("Defendant") for being in possession of approximately 58.87 kilograms (129.78 pounds) of methamphetamine, a controlled substance with the intent to distribute and conspiracy to commit the same. The Target Device is currently in the custody of Homeland Security Investigations and located at 2055 Sanyo Avenue, Suite 120, San Diego, California 92154.

2.     The information contained in this affidavit is based upon my training, experience, investigation, and consultation with other members of law enforcement. Because this affidavit is made for the limited purpose of obtaining a search warrant for the **Target Device**, it does not contain all the information known by me or other agents regarding this investigation.  All dates and times described are approximate.

**BACKGROUND**

3.     I have been employed as a Special Agent with Homeland Security Investigations (HSI) since February of 2011. I am currently assigned to the HSI Office of the Special Agent in Charge, in San Diego, California. I am a graduate of the Federal Law Enforcement Training Center in Glynco, Georgia.

4.     During my tenure with HSI, I have participated in the investigation of various narcotics trafficking organizations involved in the importation and distribution of

1    controlled substances into and through the Southern District of California.  Through my
2    training, experience, and conversations with other law enforcement officers experienced in
3    narcotics trafficking investigations, I have gained a working knowledge of the operational
4    habits of narcotics traffickers, in particular those who attempt to import narcotics into the
5    United States from Mexico at Ports of Entry.

6         5.    I am aware that it is common practice for narcotics traffickers to work in
7    concert utilizing cellular telephones.  A common tactic utilized by narcotics traffickers is
8    to smuggle controlled substances into the United States from Mexico by concealing the
9    controlled substances in vehicles or on persons entering the United States at Ports of Entry
10   such as the San Ysidro Port of Entry and the Otay Mesa Port of Entry.  With respect to the
11   importation of narcotics in this manner, I am aware that narcotics traffickers in Mexico
12   frequently communicate with the individual responsible for importing the concealed
13   narcotics into the United States.  These communications can occur before, during and after
14   the narcotics are imported into the United States.  For example, prior to the importation,
15   narcotics traffickers frequently communicate with the transporter(s) regarding
16   arrangements and preparation for the narcotics importation.  When the importation is
17   underway, narcotics traffickers frequently communicate with the transporter(s) to remotely
18   monitor the progress of the narcotics, provide instructions and warn accomplices about law
19   enforcement activity.  When the narcotics have been imported into the United States,
20   narcotics traffickers may communicate with the transporter(s) to provide further
21   instructions regarding the delivery of the narcotics to a destination within the United States.

22        6.    Based upon my training, experience, and consultations with law enforcement
23   officers experienced in narcotics trafficking investigations, and all the facts and opinions
24   set forth in this affidavit, I am aware that cellular telephones (including their SIM card(s))
25   can and often do contain electronic evidence, including, for example, phone logs and
26   contacts, voice and text communications, and data, such as emails, text messages, chats
27   and chat logs from various third-party applications, photographs, audio files, videos, and
28   location data. This information can be stored within disks, memory cards, deleted data,

remnant data, slack space, and temporary or permanent files contained on or in the cellular telephone. Specifically, searches of cellular telephones of individuals involved in the importation of narcotics may yield evidence:

a.  tending to indicate efforts to import controlled substances from Mexico into the United States;

b.  tending to identify accounts, facilities, storage devices, and/or services– such as email addresses, IP addresses, and phone numbers–used to facilitate the importation of controlled substances from Mexico into the United States;

c.  tending to identify co-conspirators, criminal associates, or others involved in importation of controlled substances from Mexico into the United States;

d.  tending to identify travel to or presence at locations involved in the importation of controlled substances from Mexico into the United States, such as stash houses, load houses, or delivery points;

e.  tending to identify the user of, or persons with control over or access to, the **Target Device**; and/or

f.  tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above.

## FACTS SUPPORTING PROBABLE CAUSE

7.    On February 6, 2024, at approximately 1:35pm, a Chula Vista Police Officer (CVPO) observed a white Honda Odyssey ("the vehicle") conduct a moving vehicle traffic violation. The CVPO initiated a traffic stop and subsequently identified the driver as Nayely SERVIN Vega ("SERVIN"). The CVPO deployed his narcotic detection dog around the exterior of the vehicle and received a positive alert for the odor of narcotics. A subsequent search of the vehicle by law enforcement officers revealed a non-factory compartment in the floorboard of the vehicle where numerous, plastic wrapped packages, containing white crystalized substances, were observed.

8.      A total of 130 packages, with a combined weight of 58.87 kilograms (129.78 pounds), was seized, a sample of which field-tested positive for methamphetamine.

9.      SERVIN was placed under arrest at approximately 2:08 PM.

10.     SERVIN was arrested and charged with a violation of Title 21, United States Code 841, Possession with Intent to Distribute.

11.     The **Target Device** was found by a law enforcement officer in the center console of the vehicle at the time of SERVIN's arrest.

12.     Based upon my experience and training, consultation with other law enforcement officers experienced in narcotics trafficking investigations, and all the facts and opinions set forth in this affidavit, I believe that telephone numbers, contact names, electronic mail (email) addresses, appointment dates, messages, pictures, and other digital information are stored in the memory of the **Target Device**.  In light of the above facts and my experience and training, there is probable cause to believe that Defendant was using the **Target Device** to communicate with others to further the importation of illicit narcotics into the United States.  Further, in my training and experience, narcotics traffickers may be involved in the planning and coordination of a drug smuggling event in the days and weeks prior to an event. Co-conspirators are also often unaware of a defendant's arrest and will continue to attempt to communicate with a defendant after their arrest to determine the whereabouts of the narcotics.

13.     Based on my training and experience, it is also not unusual for individuals, such as Defendant, to attempt to minimize the amount of time they were involved in their smuggling activities, and for the individuals to be involved for weeks and months longer than they claim. Accordingly, I request permission to search the **Target Device** for data beginning on January 7, 2024, up to and including February 6, 2024.

### METHODOLOGY

14.     It is not possible to determine, merely by knowing the cellular telephone's make, model and serial number, the nature and types of services to which the device is subscribed and the nature of the data stored on the device. Cellular devices today can be

simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services and rudimentary word processing. An increasing number of cellular service providers now allow for their subscribers to access their device over the internet and remotely destroy all of the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the network. Unlike typical computers, many cellular telephones do not have hard drives or hard drive equivalents and store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

15.    Following the issuance of this warrant, I will collect the **Target Device** and subject it to analysis. All forensic analysis of the data contained within the telephone and its memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

16.    Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days of the date the warrant is signed, absent further application to this court.

**PRIOR ATTEMPTS TO OBTAIN THIS EVIDENCE**

17.    Law enforcement has not previously attempted to obtain the evidence sought by this warrant.

**CONCLUSION**

18.    Based on the facts and information set forth above, I submit there is probable cause to believe that a search of the **Target Device** will yield evidence of Defendant's violations of Title 21, United States Code, Sections 841 and 846. Accordingly, I request that the Court issue a warrant authorizing law enforcement to search the item described in Attachment A, and seize the items listed in Attachment B using the above-described methodology.


I swear the foregoing is true and correct to the best of my knowledge and belief.



_____
Special Agent Guillermo Diaz
Homeland Security Investigations


Sworn and attested to under oath by telephone, in accordance with Federal Rule of Criminal Procedure 4.1, this 7th day of February, 2024.


_____
Honorable Steve B. Chu
United States Magistrate Judge

AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means          ❐ Original          ❐ Duplicate Original

# UNITED STATES DISTRICT COURT
### for the
### Southern District of California

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched* | ) | |
| *or identify the person by name and address)* | ) | Case No. |
| White iPhone | ) | |
| Seizure No. 2024250100026501-0004 | ) | |
| ("Target Device") | ) | |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____Southern_____ District of _____California_____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A, incorporated herein by reference.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B, incorporated herein by reference.

**YOU ARE COMMANDED** to execute this warrant on or before _____February 21, 2024_____ *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ❐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Hon. Steve B. Chu_____ .
*(United States Magistrate Judge)*

❐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
❐ for _____ days *(not to exceed 30)*   ❐ until, the facts justifying, the later specific date of _____ .

Date and time issued:   _____February 7, 2024_____          _____
                                                                                                    *Judge's signature*

City and state:   _____San Diego, California_____          Hon. Steve B. Chu, United States Magistrate Judge
                                                                                        *Printed name and title*

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>

## Certification

      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

PROPERTY TO BE SEARCHED

The following property is to be searched:

> White iPhone
> Seizure No. 2024250100026501-0004
> (**"Target Device"**)

The **Target Device** is currently in the possession of Homeland Security Investigations, located at 2055 Sanyo Avenue, Suite 120, San Diego, California 92154.

**ATTACHMENT B**
ITEMS TO BE SEIZED

Authorization to search the cellular telephone described in Attachment A includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular telephone for evidence described below. The seizure and search of the cellular telephone shall follow the search methodology described in the affidavit submitted in support of the warrant.

The evidence to be seized from the cellular telephone will be electronic records, communications, and data such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data, for the period of January 7, 2024, up to and including February 6, 2024:

    a.    tending to indicate efforts to import controlled substances from Mexico into the United States;

    b.    tending to identify accounts, facilities, storage devices, and/or services–such as email addresses, IP addresses, and phone numbers–used to facilitate the importation of controlled substances from Mexico into the United States;

    c.    tending to identify co-conspirators, criminal associates, or others involved in importation of methamphetamine, or some other federally controlled substance, from Mexico into the United States;

    d.    tending to identify travel to or presence at locations involved in the importation of controlled substances from Mexico into the United States, such as stash houses, load houses, or delivery points;

    e.    tending to identify the user of, or persons with control over or access to, the **Target Device**; and/or

    f.    tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above;

which are evidence of violations of Title 21, United States Code, Sections 841 and 846.